# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0098 | **DATE** | 1/18/12 |
| **CASE TITLE** | Sylvester Jamison (#2009-1116260) v. Sergeant Rosario, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $27.28 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summons for Defendant Commander Franko. Defendants Cook County, Superintendent Bartlion, and Sergeant Rosano are dismissed as Defendants. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, Sylvester Jamison, a Cook County Jail inmate, has filed a 42 U.S.C. § 1983 complaint against Sergeant Rosano, Cook County, Superintendent Bartlion, and Commander Franko. Plaintiff asserts that he practices the Islamic faith, and on November 23, 2011, he was praying and Defendant Franko confiscated his religious head-wear, known as a kufi. He also alleges that he was given a ticket in conjunction with the confiscation of his kufi, and that Defendant Rosano refused to allow him call witnesses during the resulting hearing. The hearing ended in a conviction and he was sent to segregation

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $27.28. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Defendant Franko under the Civil Rights Act, 42 U.S.C. § 1983 and RLUIPA, 42 U.S.C. § 2000(cc), such that he must respond to the complaint. *See Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008); *see also Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009).

However, Plaintiff may not pursue his due process claims regarding his disciplinary hearing in a section 1983 suit unless or until the conviction is invalidated or overturned, because a judgment in his favor would imply
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, with respect to Plaintiff's claims against Defendant Rosano for damages, he is not entitled to relief.

Additionally, Plaintiff has failed to state a cause of action against Defendant Bartlion. Plaintiff makes his claims against him in his supervisory capacity. Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The mere fact that Defendant Bartlion holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Bartlion was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

Finally, with respect to Plaintiff's claims against Defendant Cook County, Plaintiff has failed to state a claim. In order to state a claim against a municipality, Plaintiff must successfully allege a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). An unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a "custom or usage" causing the loss; or (3) a person with final policymaking authority causing the loss. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

In the case at bar, Plaintiff pleads both a policy by Cook County ensuring his right to practice his religion (*see* Plaintiff's complaint, p. 2, ¶4), and a policy by Defendant Franko, individually, of denying him his religious rights (*see* Plaintiff's complaint, p. 3, ¶12). Further, "A single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326. (7th Cir. 1993). As Plaintiff has contradicted himself, and case law does not support a custom and policy claim against an individual for an isolated incident, Plaintiff has failed to state a claim against Cook County.

The Clerk shall issue summons for service of the complaint on Defendant Franko (hereinafter, "Defendant"). The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.