## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SYLVESTER JAMISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 12 C 0098** |
| | ) | |
| **v.** | ) | **Judge Ronald Guzmán** |
| | ) | |
| **COMMANDER WILLIAM FRANKO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, presently in state custody at Illinois River Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Commander William Franko (hereinafter, "Defendant"), violated his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000(cc), by confiscating his religious head wear (known as a "kufi") on November 23, 2011, when he was a pre-trial detainee at the Cook County Jail. This matter is before the court for ruling on Defendant's motion for summary judgment [30]. For the reasons stated below, the motion is granted.

### LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v.*

*Univs. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

## LOCAL RULE 56.1

Defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with his motion for summary judgment, Defendant included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g.*, *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

2

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings" (citing *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004))). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Plaintiff failed to file a proper response to Defendant's statement of uncontested facts by not indicating which statements he agrees with and which he disputes. Plaintiff's responses appears to be his own statement of facts. However, none of the statements contains a reference to the record, and though he attaches three documents as exhibits, they do not properly contest any of Defendant's statements of fact. The Court has carefully reviewed Plaintiff's responses and finds that none of the Defendant's statements

of uncontested facts is properly disputed. Accordingly, Defendant's statements of uncontested facts are deemed admitted.

However, because Plaintiff is proceeding *pro se*, the Court will construe his filings broadly and consider factual assertions he makes in his summary judgment materials to the extent that he could properly testify about the matters asserted based on his personal knowledge. Fed. R. Evid. 602.

**FACTS**

Plaintiff was a pretrial detainee at the Cook County Jail ("Jail") starting on November 16, 2009. (Def's. 56.1(a)(3) Statement ¶ 1.) He has since been taken into state custody and is presently housed at Illinois River Correctional Center. (*See* ECF Docket). Commander Franko was a commander in Division 10 of Cook County Jail. (Def's. 56.1(a)(3) Statement ¶ 5.)

Plaintiff claims that he is an African Hebrew Israelite and wears a kufi. (*Id.* at ¶ 8.) On November 23, 2011 around 11:30 a.m., Plaintiff and another detainee, Larry Banks, were in the day room and wearing kufis in Tier 4-A of Division 10. (*Id.* at ¶ 13.) Pursuant to Cook County Department of Corrections' ("CCDOCs") General Order 14.20, religious head coverings and caps are considered contraband due to their potential use for identification with a gang and concealment of other contraband. (*Id.* at ¶ 16.)

Commander Franko told Officer Tiscareno to take the two detainees' head coverings. (*Id.* at ¶ 28.) Officer Tiscareno ordered Plaintiff and Larry Banks to give him their kufis. (*Id.* at ¶ 29.) Plaintiff disobeyed the order and refused to hand over his kufi. (*Id.* at ¶ 30.) Plaintiff said, "I ain't giving my kufi up," and told Commander Franko, "I

don't got any contraband, I don't have any contraband." (*Id*. at ¶ 31.) Larry Banks also stated that he and Plaintiff were not taking off their kufis. (*Id*. at ¶ 32.)

Superintendent of Division 10 was notified. (*Id*. at ¶ 33.) The Superintendent instructed the officers to confiscate all head coverings, including kufis because they are contraband. (*Id*. at ¶ 34.) Tier 4A was placed on administrative lockdown. (*Id*. at ¶ 35.)

Commander Franko told Plaintiff and Banks that he would have to confiscate their head coverings and store them with their other personal property. (*Id*. at ¶ 36) Plaintiff and Banks stated, "We will not give them up," and "You're going to have to fight us for them." (*Id*. at ¶ 37.) During this entire incident, several inmates were out of their cells in the day room. (*Id*. at ¶ 38.) These inmates overheard Plaintiff and Banks refusing to obey the officers' orders and threatening to fight them if they tried to take away the kufis. (*Id*.)

Commander Franko had Lieutenant Johnson report to Tier 4A for backup. (*Id*. at ¶ 39.) Plaintiff and Larry Banks were searched, but no kufi was found. (*Id*. at ¶ 40.)

CCDOC "Inmate Grievance Procedure" Sheriff's Order 11.14.5.0 has governed the administrative grievance process and been available to inmates since July 14, 2011 to the present. (Def's. 56.1(a)(3) Statement ¶ 58.) Under the Inmate Grievance Procedure, an inmate must deliver a grievance to the Correctional Rehabilitation Worker within fifteen days of the event he is grieving. *See Jamison v. Bryant, et al.,* Case No 11 C 5911, 2012 U.S. Dist. LEXIS 180865, *18 (N.D. Ill. Dec. 21, 2012) (Guzmán, J.).

Plaintiff was aware of the grievance process, but between November 23, and 30, 2011, did not file any grievances. (*Id*. ¶¶ 59, 61.) However, Plaintiff included with his

response to Defendant's motion for summary judgment a copy of a grievance submitted by fellow detainee Larry Banks. (Pl.'s Resp. ECF #33, p. 21)

**ANALYSIS**

The Court cannot entertain Plaintiff's First Amendment and RLUIPA claims because Defendant has demonstrated that Plaintiff failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999)*; see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State (or, in this case, county) with respect to the form and timeliness of grievances. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford*, 362 F.3d at 397. Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is

6

insufficient. *See Ford*, 362 F.3d at 398; *Perez Wis. Dep't of Corrs.,* 182 F.3d 532, 536-37 (7th Cir. 1999).

To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

In his response to Defendant's motion, Plaintiff alleges that he filed an emergency grievance related to Defendant confiscating his kufi. However, the grievance he attaches to his response was filed by Larry Banks, not Plaintiff. Moreover, the grievance says nothing about the confiscation of kufis and is dated November 22, 2011, the day before the alleged incident with Defendant Franko. Thus, even if the grievance could somehow be attributed to Plaintiff, it is plainly not related to the alleged incident underlying this case.

Alternatively, plaintiff argues that the grievance procedure was unavailable to him. But he has not offered any facts to support that argument. *See Minor B v. Duff,* No. 06 C 4912, 2009 U.S. Dist. LEXIS 61109, *35 (N.D. Ill. July 17, 2005) (stating that grievance procedure may be unavailable if the required grievance form is not given to the prisoner or he is threatened with violence for attempting to use the procedure (citing *Dale*

*v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) & *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004))).

Furthermore, there is no suggestion here of any affirmative misconduct on the part of the jail to prevent Plaintiff from learning about and pursuing the grievance procedure. *See Dole v. Chandler*, 438 F.3d 804, 809. As such, he bore the responsibility of taking the appropriate steps to comply with the proper procedure. *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("[42 U.S.C. § 1997e(a)] says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.").

Because the evidence is clear that Plaintiff did not exhaust his administrative remedies prior to filing suit, judgment is granted to Defendants. Although the time for submitting a grievance has expired per CCDOC's policies, the dismissal of Plaintiff's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of § 1997e(a) with respect to Plaintiff's claims. *See Ford*, 362 F.3d at 401. In short, the Court's ruling does not preclude the Plaintiff from pursuing any relief that may be available to him through the state court. But because by operation of § 1997e(a) Plaintiff has no further recourse in federal court, the dismissal without prejudice nevertheless constitutes a final, appealable, order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing § 1983 claims for failure to exhaust administrative remedies is appealable where there are no further

remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff  may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

 **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment [30] is granted because Plaintiff failed to exhaust administrative remedies prior to filing suit. Plaintiff's motion for status [45] is denied as moot. This matter is closed.

Dated: March 15, 2013      _____
                                                  Ronald A. Guzman
                                                  U.S. District Court Judge